THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| JAMES SPRING | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARK DYNASTY K9S, | ) | |
| MARLON GRENNAN, | ) | |
| ROBERT SCHWARTZ AS EXECUTOR | ) | |
| OF THE ESTATE OF | ) | |
| STEVEN SCHWARTZ, and | ) | |
| EAN HOLDINGS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, James Spring, is a resident of the Commonwealth of Massachusetts with an address of 44 Chapel Street 2L, West Warren, MA 01092.

2. The Defendant, Dark Dynasty K9s, is a New Hampshire company with an address of 640 Route 115, Carroll, NH 03598. Dark Dynasty K9s is engaged in the business of breeding and selling pit bulls.

3. Defendant, Marlon Grennan, is an individual and resident of the state of New Hampshire with an address of 640 Route 115, Carroll, NH 03598. Marlon Grennan is the founder of Dark Dynasty K9s.

1

4. Defendant, Robert Schwartz as Executor of the Estate of Steven Schwartz, is an individual and resident of the state of New Jersey, with an address of 140 Bantry Street, Swedesboro, NJ 08085.

5. Defendant, EAN Holdings, LLC is a Missouri company with an address of 600 Corporate Park Drive, St. Louis, MO 63105. EAN Holdings, LLC is engaged in the business of renting vehicles.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is appropriate under 28 U.S.C § 1391(b) because the crash giving rise to this action occurred in the State of New Hampshire.

## STATEMENT OF FACTS

8. At all relevant times, Steven Schwartz ("Schwartz") was an agent, servant or employee of the Defendant, Dark Dynasty K9s ("Dark Dynasty").

9. Dark Dynasty hired, retained, supervised and trained Schwartz with respect to his duties and responsibilities.

10. On or before November 20, 2018, Defendant, Marlon Grennan ("Grennan") was the founder/owner of Dark Dynasty and employer, principal and/or supervisor of Schwartz.

11. On or before November 30, 2018, Dark Dynasty, its agents, servant or employee, rented and/or leased a Hyundai Elantra from Defendant EAN Holdings, LLC ("EAN").

12. At all relevant times, EAN was the owner of the Hyundai Elantra.

13. On or before November 30, 2018, Grennan instructed Schwartz to drive the Hyundai Elantra back to New Hampshire.

14. On or about November 30, 2018, Plaintiff James Spring ("Spring") was driving a tractor trailer on Interstate 93 in the town of Lincoln, New Hampshire.

15. At all times, Spring was exercising due care.

16. On or about November 30, 2018, Schwartz negligently operated the Hyundai Elantra and caused it to strike the tractor trailer operated by Spring.

17. According to the State of New Hampshire Police Report, at the time of the crash, Schwartz was driving erratically and well above the posted speed limit. The Police Report also states that Schwartz had been awake for almost two full days.

18. Schwartz perished in the crash.

19. As a result of the aforementioned acts of negligence by Defendants, XL Specialty Insurance Company has paid Massachusetts worker's compensation medical and indemnity benefits to and on behalf of James Spring, which it would not have otherwise paid, in the current amount of $259,382.68.

20. Pursuant to the policy of insurance and Massachusetts law, XL Specialty Insurance Company has a right of subrogation, recovery and reimbursement to recover all worker's compensation benefits paid in the past and in the future as a result of the

Defendants' negligence, from Defendants herein. XL Specialty Insurance Company also has a statutory right to recover any workers' compensation benefits it may be required to pay James Spring in the future from Defendants.

## COUNT I
## NEGLIGENT HIRING, SUPERVISION AND RETENTION v. DARK DYNASTY

21. Plaintiff hereby incorporates by reference all above stated paragraphs.

22. Schwartz was an agent, servant or employee of Dark Dynasty at all relevant times.

23. Dark Dynasty was negligent in hiring and retaining Schwartz.

24. Dark Dynasty negligently failed to properly supervise Schwartz.

25. The acts and omissions of Dark Dynasty with respect to negligent hiring, supervision and retention of Schwartz, were the direct and proximate cause of the injuries and damages to the Plaintiff.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendant in the maximum amount allowed by law, plus interest, costs, and attorneys' fees and all other amounts which are recoverable by law.

## COUNT II
## NEGLIGENT ENTRUSTMENT v. DARK DYNASTY & GRENNAN

26. Plaintiff hereby incorporates by reference all above stated paragraphs.

27. Grennan and/or Dark Dynasty negligently entrusted the vehicle to Schwartz.

28. Grennan and/or Dark Dynasty knew or should have known that Schwartz would operate the vehicle incompetently and recklessly.

29. Grennan and/or Dark Dynasty knew or should have known that EAN Holdings, an Enterprise Company, required that operators of rentals be age 25 or older,

subject to certain conditions. Grennan and/or Dark Dynasty knew or should have known that Schwartz was 24 at the time of the incident.

30. The negligence of Grennan and Dark Dynasty was a direct and proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendants in the maximum amount allowed by law, plus interest, costs, and attorneys' fees and all other amounts which are recoverable by law.

## COUNT III
## NEGLIGENT ENTRUSTMENT v. EAN HOLDINGS, LLC

31. Plaintiff hereby incorporates by reference all above stated paragraphs.

32. EAN Holdings, LLC was the owner of the vehicle driven by Schwartz in the subject crash.

33. EAN Holdings, LLC rented and entrusted the vehicle to Dark Dynasty, Grennan and/or Schwartz.

34. As a direct and proximate result of EAN Holdings, LLC's acts or omissions, Plaintiff sustained and incurred significant injuries and damages.

WHEREFORE, Plaintiff demands that judgment be entered in its favor and against Defendant in the maximum amount allowed by law, plus interest, costs, and attorneys' fees and all other amounts which are recoverable by law.

## COUNT IV
## NEGLIGENCE v. ALL DEFENDANTS

35. Plaintiff hereby incorporates by reference all above stated paragraphs.

36. Schwartz had a duty to Plaintiff to operate his vehicle in a safe and prudent manner observing traffic laws and ordinances of the State of New Hampshire, the statutory rules of the road, and other common law traffic requirements, including keeping a proper lookout for all vehicles, avoiding a collision, operating and driving in a safe and careful manner, and maintaining proper control of his vehicle at all times, in addition to using due care to avoid harm to others. Schwartz had a duty to drive reasonably safely and make his intentions to turn or change lanes known to other vehicles travelling on the road.

37. Schwartz breached his duties when he negligently and carelessly operated his motor vehicle. Schwartz was travelling well over the posted speed limit, was very tired after having been awake and driving for almost two full days, and erratically maneuvered his vehicle over the roadways. Schwartz knew or should have known that he should not have been operating the vehicle in such a manner under the circumstances that then and there existed.

38. Defendants Grennan, Dark Dynasty and EAN Holdings, are vicariously liable for the alleged acts or omissions of Schwartz as either owners, lessors or lessees of the vehicle or employers, masters or principals of Schwartz.

39. As a result of the negligence and carelessness of the Defendants, Spring was severely injured in his health, strength, and activity, suffering significant injury to

his body, and severe injury to his mental wellbeing, all of which injuries have caused and continue to cause mental and physical pain and suffering, including damages in a sum which will be proven at trial.

40. As a further direct and proximate result of the negligence of the Defendants as herein alleged, XL Specialty Insurance Company was obligated to and did pay Spring a substantial sum in workers compensation payments.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendants in the maximum amount allowed by law, plus interest, costs, and attorneys' fees and all other amounts which are recoverable by law.

### DEMANDS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court:

1. Enter a judgment against Defendants declaring they are legally and financially responsible for the damages that the Plaintiff sustained or incurred;
2. Award the Plaintiff compensatory damages against the Defendants in an amount equal to the damage they have incurred;
3. Award the Plaintiff the costs of suit, including attorneys' and expert witnesses' fees;
4. Award the Plaintiff interest, including but not limited to, pre-judgment interest; and,
5. Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a jury trial on all claims and issues so triable.

    Respectfully submitted
    Plaintiff,
    By his attorneys,

    */s/ John A. Donovan III*
    Anthony J. Antonellis (NH Bar 19361)
    John A. Donovan III (NH Bar 16223)
    Sloane and Walsh, LLP
    One Boston Place
    201 Washington Street, Ste. 1600
    Boston, MA 02108
    T: 617-523-6010
    F: 617-227-0927
    E: aantonellis@sloanewalsh.com
       jdonovan@sloanewalsh.com

Dated: November 17, 2021